NO. 12-08-00258-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KALVIN WALKER,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Kalvin Walker appeals his conviction for sexual assault of a child. In one issue, Appellant
contends that the trial court erred in allowing evidence of extraneous offenses to be admitted at trial. 
We affirm.


Background


 Appellant was charged by indictment with sexual assault of a child, a second degree felony. (1) 
Appellant waived his right to a jury trial, and pleaded "not guilty." At trial, the complainant, B.L.,
testified that she, her sisters, her brother, and her mother were in Tyler, Smith County, Texas to visit
relatives. While there, B.L. and her younger sister spent the night at the home of a cousin, S.A.
According to B.L., Appellant, who was S.A.'s boyfriend, and S.A.'s children also lived there. That
night, Appellant went to a night club. When he returned early in the morning, he inserted his finger
and then his penis into B.L.'s vagina. Afterwards, he went to bed. B.L. testified that, later that day,
she wrote down what had occurred, gave the information to her aunt, and then informed her mother. 
The next morning, B.L.'s mother and aunt took her to the hospital for an examination. Testing of
vaginal swabs taken from B.L. revealed the presence of semen. A deoxyribonucleic acid (DNA)
profile from the sperm in the vaginal swabs was consistent with the DNA mixture from B.L. and
Appellant.

 Without objection, B.L. testified that a year before the incident, Appellant touched her sides
and buttocks. Additionally, without objection, B.L. stated that on the day before the incident, while
swimming at the lake, Appellant inserted his finger into her vagina. Finally, again without objection,
B.L.'s mother testified that, on the morning of the incident, Appellant drove while he was intoxicated. 
At the conclusion of the evidence, the trial court found Appellant guilty and assessed his punishment
at eighteen years of imprisonment and a $10,000 fine. (2) This appeal followed.


Extraneous Offenses


 In his sole issue, Appellant contends that the trial court erred in admitting evidence of
extraneous offenses at trial. A trial court's decision to admit or exclude evidence is reviewed under
an abuse of discretion standard. See Rodriguez v. State, 203 S.W.3d 837, 841 (Tex. Crim. App.
2006); Montgomery v. State, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1990). The trial court is in
the best position to decide questions of admissibility, and we will uphold a trial court's decision to
admit or exclude evidence if it is "within the zone of reasonable disagreement." Rodriguez, 203
S.W.3d at 841. A determination is beyond the zone of reasonable disagreement if by no reasonable
perception of common experience can it be concluded that the proffered evidence has a tendency to
make the existence of a fact of consequence more or less probable than it would be otherwise. 
Montgomery, 810 S.W.2d at 391. If the trial court's ruling on the admission of evidence is correct
under any theory of law, the trial court's decision should not be disturbed even if the trial court gives
the wrong reason for its ruling. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

 "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person
in order to show action in conformity therewith." Tex. R. Evid. 404(b). Such evidence may, however,
be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident. Id. Thus, extraneous offense evidence may
be admissible if relevant to prove some other fact. Johnston v. State, 145 S.W.3d 215, 219 (Tex.
Crim. App. 2004).

 However, to preserve a complaint for appellate review, the record must show that a complaint
was made to the trial court by a timely request, objection, or motion that stated the grounds for the
ruling that the complaining party sought from the trial court with sufficient specificity to make the
trial court aware of the complaint. Tex. R. App. P. 33.1. In other words, for an appellant to argue on
appeal that a trial court erred in admitting evidence, he must have preserved the error at trial by
making a proper objection and securing a ruling on the objection. See Ethington v. State, 819 S.W.2d
854, 858 (Tex. Crim. App. 1991). An objection should be made as soon as the ground for objection
becomes apparent. Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997). Generally, this
occurs when the evidence is admitted. Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App.
1995). If a party fails to object until after an objectionable question has been asked and answered, and
he can show no legitimate reason to justify the delay, his objection is untimely and error is waived. 
Id. 

 In his brief, Appellant complains of three instances in which evidence of extraneous offenses
was admitted into evidence. Specifically, Appellant complains that the trial court allowed evidence
that he touched B.L.'s sides and buttocks the year before the incident here, that he penetrated her
vagina with his finger while they were at the lake on the same day or the day before the incident, and
that he drove while he was intoxicated. But Appellant failed to timely object to any of this testimony
in the trial court. Because Appellant did not object to the testimony, he has waived the error, if any.
Accordingly, Appellant's sole issue is overruled.


Disposition


 Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

 BRIAN HOYLE 

 Justice


Opinion delivered May 13, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


(DO NOT PUBLISH)
1. See Tex. Penal Code Ann. § 22.011(a)(2)(A), (c), (f) (Vernon Supp. 2008).
2. An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term
of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000. See Tex. Penal
Code Ann. § 12.33 (Vernon 2003).